# JARDINE et al.

## VS.

# CITY OF PASADENA

### SUPERIOR COURT, COUNTY OF LOS ANGELES.

( Pest House Abatement Case )

1924.

———

Actions by John E. Jardine and by the Pasadena Orange Growers Association against the City of Pasadena and by Morris Cohn and others and by E. Fleur and others against the City of Pasadena and others, to abate a city "pest house" placed in a residential district as a nuisance. Judgment for plaintiffs.

———

1. MUNICIPAL CORPORATIONS — PURPOSE — PUBLIC WELFARE.

The purpose of government is effectively and efficiently to protect the public welfare.

2. COURTS — POWER LIMITED TO DECLARING AND APPLYING LAW.

Judicial power is limited to declaring and applying laws and not to making them.

3. COURTS — DUTY —PUBLIC AND PRIVATE RIGHTS.

The purpose of our Courts should be adequately and with justice, to protect public as well as private rights.

4. WORDS AND PHRASES — "PRIVATE RIGHTS" SUBORDINATE TO "PUBLIC RIGHTS".

"Private rights," those which exist when both of the persons with whom they are concerned are private persons, are of necessity subordinate to those which exist when, the state or one of its sovereign parts exercising governmental functions is a party and the other party is a private person, such rights being termed "public rights".

5. MUNICIPAL CORPORATIONS — MAY PASS ZONING ORDINANCES.

A city is clothed with the right, obtained in furtherance of what it concerns to be the public welfare, to have that part of its territory so designated by its zoning ordinance maintained as a residential district.

6. MUNICIPAL CORPORATIONS — OFFICERS — IGNORING PUBLIC WELFARE REGULATIONS.

There is a limitation upon the right of executive and administrative municipal officers to ignore and to hold for naught, even in the exercise of perfectly proper and necessary governmental functions, regulations imposed in furtherance of public welfare.

7. MUNICIPAL CORPORATIONS —PEST HOUSE IN RESIDENCE ZONE — PERSONAL AND PROPERTY RIGHTS.

For a city to place or maintain a "pest house" or "isolation hospital" in what has been declared by a zoning ordinance to be a residental district is a gross abuse of administrative discretion and an invasion of personal and property rights.

8. NUISANCE — PEST HOUSE — STATUTORY AUTHORITY CLAIM NOT SUSTAINED.

The claim that a "pest house" or "isolation hospital" was placed and is being maintained by "express authority of statute" and that for this reason it is not a nuisance in the residential district where placed, held not sustained.

9. MUNICIPAL CORPORATIONS — FUNDS USE LIMITED TO PARTICULAR PURPOSE.

Where a city has purchased lands with the proceeds from the sale of bonds voted for acquiring and constructing a water supply system and the electors have never acquiesced in the use of such funds for any other purpose, they are impressed with a trust and it is the city's duty to so administer them.

10. EVIDENCE — PEST HOUSE — EFFECT ON VALUE OF NEAR BY PROPERTY.

It is a matter of common knowledge that the presence of a pest house in a residential portion of a city would practically destroy the value of all property in the immediate vicinity for residential, and greatly impair it for industrial, purposes.

11. MUNICIPAL CORPORATIONS — JUDICIAL SUPERVISION.

Administrative law recognizes, and necessity requires that

under our form of government the functions and activities of municipal power must be subject to judicial supervision.

**12.  MUNICIPIAL CORPORATIONS — ADMINISTRATIVE OFFICIALS — COURT SUPERVISION.**

Recognition of the right of administrative officials to promote the general welfare, cannot be construed to deprive the courts of the right to determine the limits of rights with respect to the exercise of proper functions.

**13.  NUISANCE — PEST HOUSE IN RESIDENTIAL DISTRICT.**

A "pest house" or "isolation hospital" placed in residential district in violation of a zoning ardinance is a nuisance which property owners are entitled to have abated.

---

**Paul Burks, Judge.**

---

In the Superior Court of the State of California In and for the County of Los Angeles.

John E. Jardine, Plaintiff,
vs.
City of Pasadena, Defendant.          No. 121842.

Pasadena Orange Growers Association,  Plaintiff,
vs.
City of Pasadena,  Defendant.        No. 121986.

Morris Cohn, et al.  Plaintiffs,
vs.
City of Pasadena, et al.  Defendants.     No. 122550.

E. Fleur, et al.  Plaintiffs,
vs.
City of Pasadena, et al.  Defendants.    No. 123051.

These cases are of genuine importance in their public aspects.  They require the application to the rather unusual state of facts disclosed by the evidence of certain sound and well-established principles by administrative law.

The concrete question for determination is whether and if so, to what extent the courts may correct alleged abuses of administrative discretion.

The several complaints, freed from technical expressions and unnecessary terminology, allege that the City of Pasadena has placed and is maintaining a pest house upon lands which are purchased out of proceeds derived from the  sale of bonds voted by its electors "for the purpose of acquiring and constructing a waterworks and system to supply water to said city and its inhabitants", a part of which property was, thereafter, by ordinance, included in First Residential District "within the limits whereof there is permitted to be erected only such buildings as are designed, arranged or intended to be occupied or used for . . . a single family dwelling together with the usual accessories  . . ."   It is claimed by each plaintiff that the presence, maintenance and operation of this instrumentality is a nuisance, violative of personal and property rights, and which should therefore, be enjoined and abated.

The city claims, by its answers, that the broad powers granted to it by its charter which, having been approved by the Legislature, has the effect of a statute, permits these admitted acts and undertakes to justify them upon the ground that, being in furtherance of a governmental function, their propriety cannot be questioned in proceedings of this nature or enjoined.

The purpose of government is effectively and efficiently to protect the public welfare.   The prerogatives and responsibilities of the electorate and of the judiciary are separate, distinct and well-defined. They cannot be combined if representative, constitutional government is to endure.   Judicial power is limited to declaring and applying laws and not to making them.   We must concern ourselves more with principles than with details.   The purpose of our courts should be, adequately and with justice, to pro-

tect public as well as private rights—human rights as well as property rights.

Private rights—those which exist when both of the persons with whom they are concerned are private persons—are of necessity subordinate to those which exist when one of the persons is the State, or one of its sovereign parts exercising governmental functions, and the other is a private person, and which are therefore, termed public rights.    It is by virtue of this division of rights that the field of law, the power which defines and protects them, is divided.

Rights which subsist between subject and subject are regulated and controlled by those principles termed " private law".    Those between the State, or one of its political subdivisions and a private person, are regulated and controlled by principles termed "public law".    These are the radical distinctions between rights as well as between the different branches or departments of law.    They are emphasized here for the reason that, too frequently, they are obscured by attempts to apply to one class of cases those decisions which are applicable only to the other.    With these distinctions clearly in mind, municipal law naturally falls into that class, on the one hand, where both persons concerned are private persons interested in or affected by the right but having nothing to do with protecting it, and that class on the other hand, where one of the parties is "public"; where the State or one of its political subdivisions is, directly or indirectly, one of the parties and a private person is the other. It is with respect to that class, where the very power which defines and protects the right is, itself, interested in or affected by the right that these cases are concerned.    But for these distinctions, this court would be impelled to adopt, apply to these cases and be controlled by the very persuasive reasoning contained in the opinion in the case of Everett vs. Paschall, 61 Wash., 111 Pac. 879. rendered some thirteen

years ago by the Supreme Court of the State of Washington, where the statutes are similar to our own.

The instant case are of greater importance because they fall within that class where one of the parties concerned claims the power, at its option, either to uphold or to extinguish the very right asserted by the other party to be entitled to protection.

To avoid confusion, it is well to bear in mind that the same act may and often does infringe both a public and a private right. These distinctions which are as old and well established as law itself, will explain, sufficiently, why this court has reached the conclusion that the ends of substantial, remedial justice, which is its objective, would not be served by following seemingly persuasive decisions which lose sight of them.

The defendant in these cases is, by its own act, clothed with the right—obtained in furtherance of what it conceived to be the public welfare— to have that part of its territory which, by its zoning ordinance, it has so designated, maintained as a residential district. This right correlates with its duty of plaintiffs to insist upon its being so maintained.

There is a limitation upon the right of executive and administrative officials of municipalities to ignore and hold for naught—even in the exercise of perfectly proper and necessary governmental functions — regulations imposed in furtherance of public welfare.

To place or to maintain a "pest house" or "isolation hospital" in what has been declared to be a residential district, and in direct violation of an ordinance so declaring is not only such a gross abuse of administrative discretion but also such a flagrant invasion of personal and property rights by the municipality as to jeopardize respect for government itself. The claim that this instrumentality was placed and is being

maintained under "express authority of statute" and that for this reason, it is not a nuisance cannot be sustained.

The property constituting the site for such instrumentality was acquired with funds made available by the electors for a specific purpose. The electors have never acquiesced, nor have they ever been called upon to acquiesce, in its use for any other purpose. It is still impressed with what may properly be termed a trust which it is the duty of the defendants to so administer. This obligation cannot be discharged by any mere transference or shifting of funds.

There is imposed upon the City of Pasadena the duty of avoiding any disregard or violation of the duty which it has imposed by the individuals of whom the municipality is composed. Respect for constituted authority and effective representative government cannot be maintained if executive and administrative officials disregard legislative mandates and invade private rights.

It is a matter of common knowledge, borne out by the testimony, that the presence of a pest house in a residential portion of a city would practically destroy the value of all property in the immediate vicinity for residential purposes and greatly impair its value for industrial purposes.

Administrative law recognizes and necessity requires that under our form of government the functions and activities of municipal power must be subject to judicial supervision. Recognition of the right of administrative officials to promote the general welfare, either by the prevention of evil or by the production of good, cannot be construed as depriving the courts of the right to determine the orbit of rights with respect to the exercise of proper functions.

The court will find:

(1)    That the instrumentality complained of is a

nuisance and that each of the several plaintiffs is entitled to have it abated.

(2)   That the isolation hospital was not placed and is not being maintained in its present location under the express or implied authority of any statute but that, on the contrary, it was placed by the defendants, over the protests of plaintiffs, upon property which could not lawfully be used for that purpose and in direct violation of the zoning ordinance.

It is the order of the court.

(1)   That defendants immediately place and constantly maintain a guard at and about the premises occupied by the isolation hospital at all hours both day and night, and that such guards shall prevent any person from entering upon or leaving the premises occupied by the isolation hospital and described in the complaints, without written permission from the duly constituted health officer of the City of Pasadena.

(2)   That the defendants shall without unnecessary delay and within 20 days, cause all inmates, nurses and patients and moveable equipment of every character to be removed from said isolation hospital to some other suitable place to be selected by them and not located within any residential district, such removal to be effected under the direction and personal supervision of the duly constituted health officer of the City of Pasadena.

(3)   That after such removal of inmates, nurses and patients and movable equipment shall have been effected, the building or the property now used as the site for an isolation hospital shall be thoroughly fumigated under the personal supervision and direction of such health officer and made fit for use for residential purposes and that thereafter such building shall not be used, nor shall the use thereof be permitted by the defendants or any of them for hospital purposes or for any other then residential purposes and as a part of

its water works system, unless authority for its use for other than residential purposes shall have been conferred by the electors of the City of Pasadena at a general or special election.

Plaintiffs will prepare findings and judgment giving effect to the views expressed in this opinion.

Paul Burks, Judge.